IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PABLO E. GAY AND ANNA J. SUBIA-GAY § § § Plaintiffs/Counter-Defendants, § § v. § ROCKET MORTGAGE, LLC, § § Defendant/Counter-Plaintiff. § § | CASE NO. 5:23-CV-00754-OLG |

### DEFENDANT ROCKET MORTGAGE, LLC'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff Rocket Mortgage, LLC ("***Rocket Mortgage***") asserts and files these Counterclaims ("***Counterclaims***") against Counter-Defendants Pablo E. Gay and Anna J. Subia-Gay ("***Gays***" or "***Plaintiffs***") and, in support thereof, would show the Court as follows:

### I. DISCOVERY PLAN

1. Discovery is to be conducted pursuant to Federal Rule of Civil Procedure 26.

### II. JURISDICTION AND VENUE

2. The Court has diversity jurisdiction over this action because the amount in controversy is above the minimum jurisdictional amounts of this Court and complete diversity exists between the parties.

3. Venue is proper pursuant to §15.011 of the Texas Civil Practice and Remedies Code, as the real property in dispute is located in Bexar County, Texas and all or a portion of the alleged acts or omissions that form the basis of Plaintiff's Petition occurred in Bexar County, Texas.

### III.  FACTUAL BACKGROUND

4. In or around April of 2011, the Gays sought a residential home mortgage loan from Rocket Mortgage[1] (the "*Loan*") to purchase real property located at 10143 Silverbrook Place, San Antonio, Texas 78254 (the "*Property*"). On April 28, 2011, and in furtherance of the Loan, Rocket Mortgage prepared, and the Gays signed, a promissory note in the principal amount of $104,250.00 (the "*Promissory Note*"). On April 28, 2011, Rocket Mortgage also prepared, and the Gays signed, a Deed of Trust that, *inter alia*, secured the Promissory Note. On April 28, 2011, the Loan closed and, *inter alia*, the Deed of Trust against the Property was recorded with the Bexar County Clerk on May 20, 2011, at Instrument No. 20110087003 (the "*Deed of Trust*").

5. On January 3, 2018, Rocket Mortgage provided the Gays with written notice by certified mail stating that the Gays were in default under the Deed of Trust and giving the Gays more than 20 days to cure the default. On March 21, 2018, Rocket Mortgage provided the Gays with a Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for May 1, 2018 (the "*First Trustee's Sale*").

6. On April 17, 2018, Plaintiffs filed a Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, to prevent Rocket Mortgage from proceeding with the trustee's sale of the Property scheduled for May 1, 2018. Rocket Mortgage removed the case to the U.S. District Court for the Western District

---

[1] In 2011, Rocket Mortgage was known as Quicken Loans Inc.  In 2020, Quicken Loans Inc. converted to a limited liability company, and was from then known as Quicken Loans, LLC. Then, effective July 31, 2021, Quicken Loans, LLC changed its name to Rocket Mortgage, LLC, which is the current Defendant and Counter-Plaintiff.

of Texas, and it was assigned Case No. 5:18-cv-00410-OLG (the "*First Action*"). On January 3, 2019, Plaintiffs filed their Notice of Voluntary Dismissal in the First Action.

7. On February 18, 2019, Rocket Mortgage provided the Gays with a subsequent Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for April 2, 2019 (the "*Second Trustee's Sale*").

8. On March 27, 2019, Plaintiffs filed another Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, and obtained an *ex parte* Temporary Restraining Order entered on April 1, 2019, thus preventing Rocket Mortgage from proceeding with the trustee's sale of the Property on the following day. Again, Rocket Mortgage removed the case to U.S. District Court for the Western District of Texas, where it was assigned Case No. 5:19-cv-00387-OLG (the "*Second Action*"). On May 31, 2019, Plaintiffs filed their Notice of Voluntary Dismissal in the Second Action.

9. On May 9, 2019, Rocket Mortgage provided the Gays with a subsequent Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for June 4, 2019 (the "*Third Trustee's Sale*").

10. On May 31, 2019, Plaintiffs filed a third Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, to prevent Rocket Mortgage from proceeding with the trustee's sale of the Property. On June 4, 2019, Plaintiffs obtained a second *ex parte* Temporary Restraining Order preventing Rocket Mortgage from proceeding with a trustee's sale of the Property scheduled for the same day. On June 14, 2019, Rocket Mortgage removed the case to Federal Court, where it was assigned Case No. 5:19-cv-00697-OLG (the "*Third Action*"). Subsequent to the removal of the Third Action, the Gays did

not seek a temporary restraining order or preliminary injunction from the Federal District Court. As a result, on February 5, 2020, Rocket Mortgage provided the Gays with a subsequent Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for March 3, 2020 (the "**Fourth Trustee's Sale**").

11.     The Parties thereafter negotiated and entered into a Settlement Agreement and Mutual Release dated March 13, 2020 (the "***Settlement Agreement***"), resolving the issues outlined above.

12.     Among other terms, the Settlement Agreement states that "[t]he intent of this Agreement is to mutually and finally, upon execution of this Agreement and satisfaction of all obligations herein, resolve, compromise, and settle all disputes between the Parties and all of the claims and issues [pertaining to the Property]." Settlement Agreement at 2. In the Settlement Agreement, the Gays agreed to "dismiss the Lawsuit, with prejudice." Settlement Agreement, at 3. The Parties also agreed that "[Rocket Mortgage] will issue and record a new notice of trustee's sale which, among other things, will schedule a trustee's sale of the Property for May 5, 2020, or as soon thereafter as "[Rocket Mortgage] can conduct a trustee's sale (the "***Fifth Trustee's Sale***")." Settlement Agreement, at 3.

13.     Under the Settlement Agreement, the Gays had "until May 4, 2020, to either sell the Property or refinance the Property with another lender." Settlement Agreement, at 3. The Gays agreed that, in order to do so, they must pay entire balance of the Loan, with all interest and fees, plus $35,000 for Rocket Mortgage's attorneys' fees and costs. *Id*. The Gays also agreed that if they did not sell or refinance by the above deadline, that they would "not oppose, contest, or seek to enjoin the Fifth Trustee's Sale." *Id*. The Settlement Agreement also included an unequivocal

release as follows:

> 10. Upon completion of the all obligations outlined herein, and in consideration of the terms, conditions, and covenants contained in this Agreement, the Gays, for themselves, their agents, and their personal representatives, successors, assigns, and attorneys, hereby unconditionally and irrevocably release, quit, and forever discharge Quicken Loans, as well as Quicken Loans' affiliates, namely, their officers, directors, employees, agents, attorneys, predecessors, and successors, of and from any and all liabilities, claims, demands, suits, debts, contracts, covenants, agreements, promises, damages, actions, and causes of action, whether known or unknown, contingent or matured, and whether arising pursuant to constitution, statute, contract, tort, equity, breach of fiduciary obligations, or otherwise, with respect to any acts, omissions, or events now existing or occurring prior to the date hereof, arising out of or in any way connected with, directly or indirectly, the Loan, the Lawsuit, or the Property.

Settlement Agreement, at 4.

14. However, the Gays did not sell or refinance the Property in question, and after the conclusion of various COVID forbearance periods, Rocket Mortgage ultimately provided the Gays with a subsequent Notice of Substitute Trustee's Sale setting the Fifth Trustee's Sale of the Property, as contemplated by the Settlement Agreement.

15. Thereafter, and in complete and total breach of the Settlement Agreement, the Gays precluded Rocket Mortgage from foreclosing on the Property with new, vexatious lawsuits and/or bankruptcy filings to oppose the same, including Plaintiffs efforts in this case.

16. Rocket Mortgage was finally able to conduct a non-judicial trustee's sale of the Property on or about August 1, 2023, but only after expending considerable time and litigation fees and costs.

17. On or about August 1, 2023, the Property was sold pursuant to a non-judicial foreclosure for $222,001.00. However, the total debt at the time of the sale was $275, 271.25 As a result, there remains a total deficiency balance of at least $53, 270.25 due and owing on the Loan.

## IV.  CAUSES OF ACTIONS

**A.     Breach of Contract**

18.     Rocket Mortgage re-alleges and incorporates by reference the above paragraphs as if set forth in full herein.

19.     Plaintiffs entered into a valid and enforceable Settlement Agreement with Rocket Mortgage. The Settlement Agreement contains an unequivocal agreement not to oppose the Fifth Trustee's Sale, or any other non-judicial sale conducted thereafter, and a release of claims.

20.     Plaintiffs breached the Settlement Agreement when they opposed the Fifth Trustee's Sale, and other trustee's sales, and filed this and other lawsuits, as well as various bankruptcy options, to oppose similar non-judicial foreclosure sales by Rocket Mortgage.

21.     Rocket Mortgage has met all conditions precedent.

22.     Rocket Mortgage seeks actual damages suffered as a result of Plaintiffs' breach of the Settlement Agreement.

23.     Rocket Mortgage also seeks attorneys' fees, cost of litigation, and pre-judgment and post-judgment interest, pursuant to Tex. Civ. Prac. & Rem. § 38.001 and Tex. Fin. Code §§ 304.001 *et seq*.

**B.     Application for Deficiency Judgment**

24.     Rocket Mortgage re-alleges and incorporates by reference the above paragraphs as if set forth in full herein.

25.     Rocket Mortgage requests a Deficiency Judgment for the Loan balance that remains unpaid following the non-judicial foreclosure sale of the Property on August 1, 2023. The Property sold for $222,001.00, and the total debt at the time of the sale was $275, 271.25. A total deficiency

balance of at least $53, 270.25 therefore remains due and owing in connection with the Loan.

26.     Rocket Mortgage also seeks attorneys' fees, cost of litigation, and pre-judgment and post-judgment interest, pursuant to Tex. Civ. Prac. & Rem. § 38.001 and Tex. Fin. Code §§ 304.001 *et seq*.

## V.  REQUEST FOR ATTORNEY'S FEES

27.     Rocket Mortgage requests that this Court award it all costs and reasonable and necessary attorney's fees incurred in defending this action to the extent permitted by law.

## VI.  PRAYER

For these reasons, Rocket Mortgage respectfully asks the Court to enter a judgment in its favor for Plaintiffs' breaches of contract and deficiency judgment, that costs be taxed against Plaintiffs, that Rocket Mortgage be awarded its reasonable and necessary attorneys' fees, that the Rocket Mortgage be awarded pre- and post-judgment interest, and that Rocket Mortgage be provided any further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Mavish Bana*
**MAVISH BANA**
Texas Bar No. 24096653
Email: mbana@spencerfane.com

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:    (972) 324-0300
Fax:    (972) 324-0301

*Attorneys for Rocket Mortgage, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on [_____], 2023, I served this document on the following party through the Court's e-filing system in compliance with the Federal Rules of Civil Procedure:

Ramon S. Rodriguez, Jr.
RODRIGUEZ & GARZA, P.L.L.C.
P.O Box #1635
Helotes, Texas 78023
Tel: (210) 281-0248
Fax: (210) 224-1613
Email: rsrjr04@hotmail.com

*Attorneys for Plaintiffs*

                By: */s/*_____
                   Mavish Bana