IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PABLO E. GAY and<br>ANNA J. SUBIA-GAY,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>ROCK MORTGAGE, LLC,<br><br>    Defendant/Counter-Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 5:23-cv-00754-OLG |

**MOTION FOR DEFAULT JUDGMENT AGAINST COUNTER-DEFENDANTS PABLO E. GAY AND ANNA J. SUBIA-GAY AND BRIEF IN SUPPORT**

**TO THE HONORABLE ORLANDO L. GARCIA,
UNITED STATES DISTRICT JUDGE:**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Counter-Plaintiff Rocket Mortgage, LLC ("*Rocket Mortgage*") moves for the entry of a Default Judgment against Counter-Defendants Pablo E. Gay and Anna J. Subia-Gay (collectively herein, "*the Gays*"). The Gays were served with Defendant Rocket Mortgage, LLC's Counterclaims [ECF No. 13] on November 3, 2023, pursuant to Local Rule CV-5(b) and Federal Rules of Civil Procedure 5(b)(1) and 5(b)(2)(E) but failed to answer or otherwise defend the claims against them. The Clerk entered default against the Gays on March 13, 2024. Rocket Mortgage now requests this Court enter the attached proposed Default Judgment against the Gays. The Default Judgment awards Rocket Mortgage $50,940.50 in damages.

Rocket Mortgage respectfully requests that this Court enter a default judgment against the Gays and award Rocket Mortgage the damages it is entitled to, without a hearing, as the amount of damage is certain. *See* FED. R. CIV. P. 55(b)(2).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. In or around April of 2011, the Gays sought a residential home mortgage loan from Rocket Mortgage[1] (the "*Loan*") to purchase real property located at 10143 Silverbrook Place, San Antonio, Texas 78254 (the "*Property*"). On April 28, 2011, and in furtherance of the Loan, Rocket Mortgage prepared, and the Gays signed, a promissory note in the principal amount of $104,250.00 (the "*Promissory Note*"). On April 28, 2011, Rocket Mortgage also prepared, and the Gays signed, a Deed of Trust that, *inter alia*, secured the Promissory Note. On April 28, 2011, the Loan closed and, *inter alia*, the Deed of Trust against the Property was recorded with the Bexar County Clerk on May 20, 2011, at Instrument No. 20110087003 (the "*Deed of Trust*").

2. On January 3, 2018, Rocket Mortgage provided the Gays with written notice by certified mail stating that the Gays were in default under the Deed of Trust and giving the Gays more than 20 days to cure the default. On March 21, 2018, Rocket Mortgage provided the Gays with a Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for May 1, 2018 (the "*First Trustee's Sale*").

3. On April 17, 2018, Plaintiffs filed a Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, to prevent Rocket Mortgage from proceeding with the trustee's sale of the Property scheduled for May 1, 2018. Rocket Mortgage removed the case to the U.S. District Court for the Western District of Texas, and it was assigned Case No. 5:18-cv-00410-OLG (the "*First Action*"). On January 3, 2019, Plaintiffs filed their Notice of Voluntary Dismissal in the First Action.

---

[1] In 2011, Rocket Mortgage was known as Quicken Loans Inc. In 2020, Quicken Loans Inc. converted to a limited liability company, and was from then known as Quicken Loans, LLC. Then, effective July 31, 2021, Quicken Loans, LLC changed its name to Rocket Mortgage, LLC, which is the current Defendant and Counter-Plaintiff.

4.      On February 18, 2019, Rocket Mortgage provided the Gays with a subsequent Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for April 2, 2019 (the "**Second Trustee's Sale**").

5.      On March 27, 2019, Plaintiffs filed another Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, and obtained an *ex parte* Temporary Restraining Order entered on April 1, 2019, thus preventing Rocket Mortgage from proceeding with the trustee's sale of the Property on the following day. Again, Rocket Mortgage removed the case to U.S. District Court for the Western District of Texas, where it was assigned Case No. 5:19-cv-00387-OLG (the "**Second Action**"). On May 31, 2019, Plaintiffs filed their Notice of Voluntary Dismissal in the Second Action.

6.      On May 9, 2019, Rocket Mortgage provided the Gays with a subsequent Notice of Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for June 4, 2019 (the "**Third Trustee's Sale**").

7.      On May 31, 2019, Plaintiffs filed a third Petition and Application for Temporary Restraining Order against Rocket Mortgage in the District Court of Bexar County, Texas, to prevent Rocket Mortgage from proceeding with the trustee's sale of the Property. On June 4, 2019, Plaintiffs obtained a second *ex parte* Temporary Restraining Order preventing Rocket Mortgage from proceeding with a trustee's sale of the Property scheduled for the same day. On June 14, 2019, Rocket Mortgage removed the case to Federal Court, where it was assigned Case No. 5:19-cv-00697-OLG (the "**Third Action**"). Subsequent to the removal of the Third Action, the Gays did not seek a temporary restraining order or preliminary injunction from the Federal District Court. As a result, on February 5, 2020, Rocket Mortgage provided the Gays with a subsequent Notice of

Substitute Trustee's Sale stating that, *inter alia*, a trustee's sale of the Property was scheduled for March 3, 2020 (the "**Fourth Trustee's Sale**").

8. The Parties thereafter negotiated and entered into a Settlement Agreement and Mutual Release dated March 13, 2020 (the "**Settlement Agreement**"), resolving the issues outlined above.

9. Among other terms, the Settlement Agreement states that "[t]he intent of this Agreement is to mutually and finally, upon execution of this Agreement and satisfaction of all obligations herein, resolve, compromise, and settle all disputes between the Parties and all of the claims and issues [pertaining to the Property]." Settlement Agreement at 2. In the Settlement Agreement, the Gays agreed to "dismiss the Lawsuit, with prejudice." Settlement Agreement, at 3. The Parties also agreed that "[Rocket Mortgage] will issue and record a new notice of trustee's sale which, among other things, will schedule a trustee's sale of the Property for May 5, 2020, or as soon thereafter as "[Rocket Mortgage] can conduct a trustee's sale (the "**Fifth Trustee's Sale**")." Settlement Agreement, at 3.

10. Under the Settlement Agreement, the Gays had "until May 4, 2020, to either sell the Property or refinance the Property with another lender." Settlement Agreement, at 3. The Gays agreed that, in order to do so, they must pay entire balance of the Loan, with all interest and fees, plus $35,000 for Rocket Mortgage's attorneys' fees and costs. *Id*. The Gays also agreed that if they did not sell or refinance by the above deadline, that they would "not oppose, contest, or seek to enjoin the Fifth Trustee's Sale." *Id*. The Settlement Agreement also included an unequivocal release as follows:

> **10.** Upon completion of the all obligations outlined herein, and in consideration of the terms, conditions, and covenants contained in this Agreement, the Gays, for themselves, their agents, and their personal representatives, successors, assigns, and attorneys, hereby unconditionally and irrevocably release, quit, and forever discharge Quicken Loans, as well as Quicken Loans' affiliates, namely, their officers, directors, employees, agents, attorneys, predecessors, and successors, of and from any and all liabilities, claims, demands, suits, debts, contracts, covenants, agreements, promises, damages, actions, and causes of action, whether known or unknown, contingent or matured, and whether arising pursuant to constitution, statute, contract, tort, equity, breach of fiduciary obligations, or otherwise, with respect to any acts, omissions, or events now existing or occurring prior to the date hereof, arising out of or in any way connected with, directly or indirectly, the Loan, the Lawsuit, or the Property.

Settlement Agreement, at 4.

11. However, the Gays did not sell or refinance the Property in question, and after the conclusion of various COVID forbearance periods, Rocket Mortgage ultimately provided the Gays with a subsequent Notice of Substitute Trustee's Sale setting the Fifth Trustee's Sale of the Property, as contemplated by the Settlement Agreement.

12. Thereafter, and in complete and total breach of the Settlement Agreement, the Gays precluded Rocket Mortgage from foreclosing on the Property with new, vexatious lawsuits and/or bankruptcy filings to oppose the same, including Plaintiffs efforts in this case.

13. On June 1, 2023, the Gays filed the instant action against Rocket Mortgage in the 150th Judicial District Court of Bexar County, Texas seeking to avoid foreclosure of the loan on the Property, injunctive and declaratory relief.

14. On June 13, 2023, Rocket Mortgage removed the state court action to this Court on the basis of diversity jurisdiction.

15. Rocket Mortgage was finally able to conduct a non-judicial trustee's sale of the Property on or about August 1, 2023, but only after expending considerable time and litigation fees and costs.

16. On or about August 1, 2023, the Property was sold pursuant to a non-judicial foreclosure for $222,001.00. However, the total debt at the time of the sale was $272,941.50. As a result, there remains a total deficiency balance of at least $50,940.50 due and owing on the Loan.

17. As a result, on November 3, 2023, Rocket Mortgage filed its Counterclaims against the Gays for breach of the settlement agreement, the deficiency balance on the Loan, attorney's fees, costs of litigation, and pre- and post-judgment interest.

## II. BRIEF IN SUPPORT

### A. *Rocket Mortgage is Entitled to a Default Judgment Against the Gays.*

18. Under Federal Rule of Civil Procedure 55, a Court can enter a default judgment against a defendant that was properly served but failed to timely file a responsive pleading. FED. R. CIV. P. 55(b)(2). A court has discretion to enter a default judgment and can issue such a judgment based on a defendant's failure to answer a complaint. *Lindsey, et al. v. Prive Corp., et al.,* 161 F.3d 886, 893 (5th Cir. 1998). As the Fifth Circuit explained, there is a three-step procedure for obtaining a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining the process to include: (1) a default by the defendant, (2) an entry of default by the Clerk of the Court, and (3) entry of a default judgment by the district court).

19. Under the third step, a Court considers the following six factors to determine the appropriateness of a default judgment: (1) "whether the default was caused by a good faith mistake or excusable neglect;" (2) "whether there has been substantial prejudice;" (3) "the harshness of a default judgment;" (4) whether there are "material issues of fact;" (5) "whether the grounds for a default judgment are clearly established;" and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey,* 161 F.3d at 893. A default judgment, and the remedy requested therein, however, must be sufficiently supported by the pleadings. *See*

*Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). For purposes of a default judgment, Defendants that default are deemed to have "admitted" the pleaded facts outlined in a plaintiff's complaint. *Joe Hand Promotions, Inc. v. Mickey's Sports Bar & Grill, LLC,* 2018 WL 3039256, at 2 (N.D. Tex. May 8, 2018), report and recommendation adopted, 2018 WL 3038510 (N.D. Tex. June 19, 2018).

20. Rocket Mortgage filed its Counterclaims on November 3, 2023. ECF No. 13. The Gays were served with Defendant Rocket Mortgage, LLC's Counterclaims on November 3, 2023, pursuant to Local Rule CV-5(b) and Federal Rules of Civil Procedure 5(b)(1) and 5(b)(2)(E). ECF No. 14. To date, the Gays failed to answer or otherwise respond to Rocket Mortgage's Counterclaims. In light of the Gays' failure to respond, Rocket Mortgage moved the Clerk of this Court for an entry of default, which the Clerk granted on March 13, 2023. *See* Clerk's Entry of Default, ECF No. 16.

21. The Gays are not currently in military service and an affidavit demonstrating such was filed with the Court on February 28, 2024. ECF No. 15 at Exhibits A, B, and C.

22. Based on the pleadings on file, the history of vexatious litigation by the Gays to prevent foreclosure, the Gays' complete lack of prosecution of previous cases, and the Gays' failure to engage in this litigation, there are no material issues of facts present. Similarly, the entrance of a default judgment is not harsh because the Gays are aware of this pending litigation but have made a conscious decision not to engage in the litigation process and deny the allegations contained in Rocket Mortgage's Default Judgment against the Gays.

### B. Amount of Claim

23. Rocket Mortgage's claims are for a sum certain: $50,940.50, plus attorney's fees, costs, and prejudgment and post judgment interest. If the claim is for a sum certain, the motion

should state the amount due. *See* FRCP 55(b)(1). If the amount of the judgment can be reliably computed from the record, a default judgment can be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993); *see AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436 (1st Cir.2015); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.1991).

24. On or about August 1, 2023, the Property was sold pursuant to a non-judicial foreclosure for $222,001.00. However, the total debt at the time of the sale was $272,941.50. As a result, there remains a total deficiency balance of at least **$50,940.50** due and owing on the Loan.

25. Rocket Mortgage's Counterclaims against the Gays seeks damages for breach of the settlement agreement, the deficiency balance on the Loan and pre- and post-judgment interest as follows:

| Amount | Description |
| --- | --- |
| $50,940.50 | Deficiency balance on Loan following foreclosure |
| 8.5% | Prejudgment interest rate |
| 8.5% | Postjudgment interest rate |

**Exhibits A, A-1, and A-2**.

26. The postjudgment interest rate (also called the "judgment rate") set by statute is the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation. Tex. Fin. Code § 304.003(c)(1). The interest rate for prejudgment interest is the same as that for postjudgment interest. Tex. Fin. Code § 304.103. If the prime rate is less than 5%, the postjudgment rate is 5% per year. Tex. Fin. Code § 304.003(c)(2). If the prime rate is more than 15%, the postjudgment rate is 15% per year. Tex. Fin. Code § 304.003(c)(3). According to the Board of Governors of the Federal Reserve System, the bank prime rate is 8.5% for August of 2024.[2]

---

[2] https://www.federalreserve.gov/releases/H15/default.htm.

### III.  CONCLUSION

27. Rocket Mortgage is entitled to a Default Judgment against the Gays for the reasons asserted in this Motion. Plaintiffs are entitled to a judgment on liability and damages. As such, Rocket Mortgage respectfully requests the Court grant this Motion and enter a Default Judgment in favor of Rocket Mortgage against the Gays who are jointly and severally liable, for the following:

(1) $50,940.50 in actual damages for the balance due and owing on the Loan

(2) pre- and post-judgment interest calculated at 8.5%;

(3) reasonable and necessary attorney's fees as allowed by law, plus contingent appellate fees, to be determined after the entry of default judgment;

(4) all taxable costs of court and expenses; and

(5) all such other and further relief, whether in law or in equity, to which Rocket Mortgage may show itself justly entitled.

Respectfully submitted,

*/s/ Mavish Bana*
Mavish Bana
Texas Bar No. 24096653
mbana@spencerfane.com
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile

**ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF ROCKET MORTGAGE, LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2024, the above and foregoing document was electronically filed with the Court and served on all counsel of record via CM/ECF, pursuant to the Federal Rules of Civil Procedure.

*/s/ Mavish Bana*
Mavish Bana