FILED
March 31, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___NM___
          DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **ROCKET MORTGAGE, LLC,** § | |
| § | |
| **Counter-Plaintiff,** § | |
| § | |
| v. § | NO. SA-23-CV-00754-OLG |
| § | |
| **PABLO E. GAY and ANNA J. SUBIA-** § | |
| **GAY,** § | |
| § | |
| **Counter-Defendants.** § | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Before the Court is the Motion for Default Judgment Against Counter-Defendants Pablo E. Gay and Anna J. Subia-Gay filed by Counter-Plaintiff Rocket Mortgage, LLC ("Rocket"). (*See* Dkt. No. 24). By the Motion, Rocket Mortgage, LLC ("Rocket") seeks judgment on its counterclaims against the Gays for breach of contract and for entry of a deficiency judgment, along with its attorney's fees and costs. For the reasons below, the Motion must be denied.

## DISCUSSION

In the Fifth Circuit, default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The first two steps are clearly satisfied here. Rocket filed its counterclaims on November 3, 2023. (Dkt. No. 13.) The Gays were served with the counterclaims the same day, through their counsel of record. (Dkt. No. 14.) The Gays failed to answer or otherwise defend as provided by the Rules following service of Rocket's counterclaims. *See Brown*, 84 F.3d at 141 ("A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."). The Clerk entered the Gays' default on March 13, 2024, on Rocket's motion, supported by affidavit. (Dkt. No. 15-6.) Rocket now asks the Court for a default judgment. (Dkt. No. 24.)

The Court may enter default judgment if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, the factual allegations in Rocket's pleading, taken as true, must support the entry of a deficiency judgment and judgment for breach of contract. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) ("The [counter-]defendant, by his default, admits the [counter-]plaintiff's well[-]pleaded allegations of fact."). Importantly, admissions on default do not apply to damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th Cir. 2002). Rather, Rocket has the burden "to bring forth competent evidence in support of the damages that [it] seek[s]." *Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505-M-BN, 2015 WL 9582755, at *3 (N.D. Tex. Nov. 23, 2015), *report and recommendation adopted*, No. 3:14-CV-505-M, 2015 WL 9582147 (N.D. Tex. Dec. 28, 2015). Finally, the Court "may . . . determine damages without the benefit of an evidentiary hearing 'where the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Id.* (quoting *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998)). A sum is capable of mathematical calculation if it can be "computed with certainty by reference to the pleadings and supporting documents alone." *Henderson*, 2015 WL 9582755, at *3 (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)).

### A. Deficiency Judgment

"[I]n the event that [a] foreclosure sale does not yield the full amount due, a creditor . . . may . . . obtain a deficiency judgment, that is, a judgment against the homeowner for the unpaid balance of a debt." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 470 (2019). "[W]hen realty is foreclosed on . . . and the foreclosure sales price is less than the debt secured, a suit brought against the borrower for 'the unpaid balance of the indebtedness secured by the real property' is a suit for a deficiency judgment." *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 555

(Tex. 2015) (quoting TEX. PROP. CODE. § 51.003). The merits of whether a party is entitled to a deficiency judgment are therefore intertwined with the question of damages, as a lender is only entitled to a deficiency judgment if, after a foreclosure sale, there remains an outstanding debt owed. *Obduskey*, 586 U.S. at 470; *PlainsCapital Bank*, 459 S.W.3d at 555.

Here, the factual allegations in Rocket's counterclaims support a finding that Rocket loaned the Gays $104,250 in 2011; that the Gays failed to make loan repayments; that Rocket began efforts to foreclose on the Property in 2018; that Rocket successfully sold the Property in 2023; and that the sale price was $222,0001.00. (Dkt. No. 13, at 2, 5.) The factual allegations do not, however, support a finding that the total outstanding debt by the time of the foreclosure sale was $275,271.25. (*Id.* at 5.) Rocket has included no allegations as to what the outstanding debt was when the Gays stopped making payments, what the Gays' interest rate was, or any other details to support its assertion that the Gays owed $275,271.25 when the foreclosure sale took place. Thus, there is no support in Rocket's pleading to support its conclusion that, after the sale, the Gays still owed $54,270.25. (*See id.*)

Nor does Rocket's evidence establish its entitlement to a deficiency judgment. The declaration from Rocket's servicing team leader reasserts the allegation from Rocket's pleading that the Property was sold for $222,001. (Dkt. No. 24-1, at 2.) However, the amount declared to be outstanding at the time of the foreclosure sale—*i.e.*, $272,941.50—does not match the amount that Rocket pleaded was outstanding at the time of the foreclosure sale—*i.e.*, 275,271.25. (*Compare* Dkt. No. 24-1, at 2 *with* Dkt. No. 13, at 5.) Further, the bidding-instruction document includes several dollar amounts which, if added, total $272,941.50; however, it reflects a "principal balance" of $98,534.46 in addition to a "recoverable balance" of $101,996.50. (*Id.*) It unclear whether both the "principal" and "recoverable" balances should be included—rather than one or

3

the other—in calculating the amount owed.[1] And even if the larger, recoverable balance is the amount added up with the accrued interest ($33,255.36), the escrow advance ($39,103.48), and the late fees ($51.70), the total amount owed by the Gays at the time of the foreclosure sale would appear to be $174,407.04—*i.e.*, $47,593.96 less than the amount for which the Property was sold. (*See* Dkt. No. 24-1, at 5.)

Accordingly, based on the pleading and evidence in the record, the Court is unable to conclude that Rocket is entitled to the deficiency judgment is seeks by default.

### B. Breach of Contract

The elements of a breach of contract are "(1) a valid contract; (2) the [counter-]plaintiff performed or tendered performance; (3) the [counter-]defendant breached the contract; and (4) the [counter-]plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied). While Rocket's pleading clearly supports liability on the first three elements, there is no basis in the pleading for the Court to conclude that Rocket "was damaged as a result of the breach." *Id.*

Rocket merely states that it "seeks actual damages suffered as a result of [the Gays'] breach of the Settlement Agreement." (Dkt. No. 13, at 6.) However, the only actual damages pleaded is the purported outstanding balance of $53,270.25 following the foreclosure sale. (Dkt. No. 13, at 6–7.) As such, Rocket's pleading does not demonstrate its entitled to default judgment on its breach of contract claim. *See Boucher v. Thacker*, 609 S.W.3d 206, 208 (Tex. App.—Texarkana 2020, no pet.) ("Damages sustained because of a breach is an essential element of a breach of contract claim."); *Miner Dederick Const., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 463

---

[1]The "recoverable balance" would seem to be the *full amount* owed at the time of the foreclosure sale. *See Recoverable*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("Capable of being recovered, esp. as a matter of law.") Alternatively, it would be reasonable to assume that the recoverable amount is the principal amount plus some additional charges or fees.

(Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("Damages are an essential element of a breach of contract claim.").

Nor does Rocket's evidence lend any support to the damages element of its breach-of-contract claim. As described in the foregoing subsection, the evidence Rocket produced has not established whether the Gays still owe it *anything*. But even assuming *arguendo* that the Gays did owe an outstanding balance of $53,270.25 after the foreclosure sale, such that Rocket were entitled to a deficiency judgment for that amount, there is no apparent connection between that outstanding balance and the Gays' breach of the Settlement Agreement.

Accordingly, there is neither any basis in the pleadings nor any evidence attached to Rocket's motion to permit the Court to conclude that the damages element of Rocket's breach-of-contract claim has been satisfied.

### C. Attorney's Fees, Costs, and Interest

Finally, Rocket also seeks reasonable attorney's fees, costs, pre-judgment interest, and post-judgment interest, yet Rocket has produced no affidavit, billing records, or other evidence to support an award of attorney's fees.[2]

---

[2] An award of reasonable attorney's fees is based on the lodestar amount, which the Court calculates "by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Shinsho Am. Corp. v. HyQuality Alloys, LLC*, 694 F. Supp. 3d 805, 817 (S.D. Tex. 2023), *aff'd*, No. 23-20520, 2024 WL 3738476 (5th Cir. Aug. 9, 2024). Whether an hourly rate is reasonable depends on "the attorney's regular rates as well as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Shinsho*, 694 F. Supp. 3d at 817 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)) (internal quotation marks omitted). "Evidence of the reasonableness of the requested rate must include the attorney's own affidavit as well as information about rates actually billed and paid in similar lawsuits." *Shinsho*, 694 F. Supp. 3d at 817 (S.D. Tex. 2023) (citation and internal quotation marks omitted). Rocket has provided no such evidence to support its requested award of attorney's fees.

## CONCLUSION

In light of the foregoing, Rocket's Motion for Default Judgment (Dkt. No. 24) is **DENIED WITHOUT PREJUDICE**. Rocket may re-file its motion for default judgment and attach appropriate evidentiary support for the relief requested therein.[3]

It is so **ORDERED**.

**SIGNED** this 31st day of March, 2025.

_____
ORLANDO L. GARCIA
United States District Judge

---

[3] Given that Rocket's pleading lacks sufficient factual allegations to support its counterclaims, Rocket may consider filing an amended pleading to supplement its factual allegations as contemplated by this Order. However, because the merits of Rocket's counterclaims are intertwined with the question of damages, Rocket may be able to cure the deficiencies by attaching sufficient evidence to its second motion for default judgment, if any.